IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James A. Sanchez,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 08-0436-PHX-FJM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner James A. Sanchez has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Maricopa County Superior Court in 2004, Petitioner was convicted of first degree murder.[1] Doc. #1 at 1. The trial court sentenced Petitioner to natural life in prison. Id.; Doc. #11, Exh. A at 3.

On direct appeal, Petitioner's counsel filed an Anders[2] brief indicating that after searching the entire record, he could find no arguable issues to raise. Doc. #11, Exh. A at

---

[1] Petitioner was convicted of the same offense in the first trial of this matter. Doc. #11, Exh. A at 1. That verdict was reversed on appeal and the case was remanded for a retrial. Id.

[2] Anders v. California, 386 U.S. 738 (1967).

1  2.  The Arizona Court of Appeals granted Petitioner the opportunity to file a supplemental
2  *pro se* brief, which he did.  Doc. #11, Exh. A at 2; Doc. #12.  Petitioner raised seven claims
3  in his direct appeal.  Doc. #12 at 4.  On August 1, 2006, in a Memorandum Decision, the
4  Court of Appeals affirmed the conviction and sentence.  Doc. #11, Exh. A.  Petitioner then
5  filed a Motion for Reconsideration which the Court of Appeals denied.  Doc. #11, Exh. B,
6  C.  Petitioner subsequently filed a Petition for Review in the Arizona Supreme Court.  Doc.
7  #11, Exh. D.  The Court denied the Petition on January 17, 2007.  Doc. #11, Exh. E.

8  Petitioner twice filed a Notice of Post-Conviction Relief, on January 16 and January
9  22, 2008.  Doc. #11, Exh. F.  Both notices raised the exact same issues - that during the jury's
10 deliberations, the trial court replaced a juror with an alternate when Petitioner was not
11 present in the courtroom, and that the court failed to answer critical questions in a jury note.
12 Id.  On January 31, 2008, the trial court dismissed Petitioner's notices of post-conviction
13 relief after finding that they were untimely and failed to satisfy an exception to the timeliness
14 requirement.  Doc. #11, Exh. G.  Additionally, the court found that Plaintiff was precluded
15 from raising these issues because they either were or should have been raised on direct
16 appeal.  Id.  Petitioner did not seek review of this decision.

17 On March 5, 2008, Petitioner filed a habeas petition in this court.  Doc. #1.  He alleges
18 five grounds for relief: 1) that his constitutional rights were violated when the trial court
19 allowed the state to call a witness whose statements had previously been discredited; 2) that
20 the court violated his constitutional rights by allowing the testimony from a witness who
21 testified at the first trial but died before the retrial, to be read into the record at the retrial; 3)
22 that the trial court violated his constitutional rights when, during jury deliberations, the court
23 replaced a juror with an alternate when Petitioner was not present in the courtroom; 4) that
24 the trial court violated Petitioner's constitutional rights when it refused to admit statements
25 made by Petitioner's co-defendant to police on the night of the offense; and 5) that the trial
26 court erred when it denied Petitioner's motion for judgment of acquittal which claimed there
27 was no evidence to support pre-meditated murder.  Id.  The court screened the petition and
28 directed Respondents to file an answer.  Doc. #4.  Respondents filed an Answer to Petition

for Writ of Habeas Corpus on August 18, 2008. Doc. #11. Despite being told of the opportunity to submit a reply, Petitioner has not filed one. On February 3, 2009, pursuant to this court's directive, Respondents filed a Supplemental Filing of Exhibit which contains a copy of Petitioner's opening brief on direct appeal. Doc. #12.

The Arizona Court of Appeals summarized the facts of the case as follows:

> Harold B. was shot and killed in the parking lot of the Hi-Liter bar on November 22, 1995 by Richard Rivas ("Rivas"). At the time of the shooting, Sanchez was seen walking with Rivas and pointing or raising his arm in the direction of Harold B.
>
> Harold B. had testified against Sanchez in an aggravated assault case that had been tried twice because of hung juries. He was murdered before Sanchez's third trial of that charge.

## DISCUSSION

Respondents contend in their answer that Petitioner has procedurally defaulted on grounds one, three and four of his petition. Respondents further argue that grounds two and five should be denied on the merits. Having failed to file a reply, Petitioner has not addressed the procedural default defense or Respondents' arguments on the merits.

**A.    Procedural Default**

**1.    Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Moreover, "[s]tate court rulings on the admissibility of evidence generally fall outside the scope of federal habeas relief, which is designed only to remedy violations of federal law." Winzer v. Hall, 494 F.3d 1192, 1198 (9th Cir. 2007).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

- 4 -

**2.    Ground One**

Petitioner's claim in ground one alleges a violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendment based on the trial court's decision to admit the testimony of a witness who Petitioner claims had been discredited. Although Petitioner raised a related claim in his direct appeal, he did not raise it as a federal constitutional claim. In his opening brief on direct appeal, Petitioner argued that the trial court should have precluded the witness based on the doctrine of judicial estoppel under Arizona law. Doc. #12 at 11-22. At no point in his lengthy argument on this issue did Petitioner allege a federal constitutional violation. Id. Nor did Petitioner allege a federal constitutional violation when he raised the same claim in his petition for review to the Arizona Supreme Court. Doc. #11, Exh. D at 2-4. Petitioner therefore has failed to exhaust the claim he now raises in ground one.

Moreover, Petitioner would no longer have a remedy if he returned to the state court.[3] As a result, his claim in ground one is procedurally defaulted. Having failed to file a reply, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that ground one be denied.

**3.    Ground Three**

Petitioner's claim in ground three alleges a violation of the First, Fourth, Sixth and Fourteenth Amendment based on the trial court's replacement of a juror with an alternate when Petitioner was not present in the courtroom. Petitioner alleged in his direct appeal that the trial court made several errors regarding the replacement of the juror. Doc. #12 at 5-10. Nothing in his argument suggests he intended to raise a federal claim. Id. Petitioner again raised the juror replacement issue in his petition for review to the Arizona Supreme Court but again failed to allege a violation of federal law. Doc. #11, Exh. D at 8-10. Petitioner raised the issue a third time in his two notices of post-conviction relief but he did not allege

---

[3] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

- 5 -

1  a violation of federal law. Doc. #11, Exh. F. Petitioner therefore has failed to exhaust the
2  claim he now raises in ground three.
3       Petitioner would no longer have a remedy if he returned to the state court. As a result,
4  his claim in ground three is procedurally defaulted. Petitioner has presented nothing to show
5  cause for the default and actual prejudice, nor has he shown a miscarriage of justice to
6  overcome the procedural default. The court will therefore recommend that ground three be
7  denied.
8       **4.     Ground Four**
9       Petitioner claims in ground four that the trial court violated his Fourth, Fifth, Sixth and
10 Fourteenth Amendment rights when it refused to admit statements made by Petitioner's co-
11 defendant to police on the night of the offense. Petitioner raised a similar claim in his direct
12 appeal but he argued that the court's decision violated a state evidentiary rule. Doc. #12 at
13 33-37. He cited only Arizona cases to support his claim. Id. Nowhere in his argument did
14 Petitioner allege a federal constitutional violation. Id. Petitioner again raised the issue of his
15 co-defendant's statements in his petition for review to the Arizona Supreme Court but he
16 failed to allege a federal constitutional violation. Doc. #11, Exh. D at 6-7. Petitioner
17 therefore has failed to exhaust the claim he now raises in ground four.
18      Petitioner would no longer have a remedy if he returned to the state court. Therefore,
19 his claim in ground four is procedurally defaulted. Petitioner has presented nothing to show
20 cause for the default and actual prejudice, nor has he shown a miscarriage of justice to
21 overcome the procedural default. The court will therefore recommend that ground four be
22 denied.
23      **5.     Ground Five**
24      Petitioner claims in ground five that the trial court's decision to deny his motion for
25 judgment of acquittal based on insufficiency of the evidence violated the First, Fifth, Sixth
26 and Fourteenth Amendment. Petitioner raised a similar claim in his direct appeal but the
27 claim was based only on a violation of Rule 20 of the Arizona Rules of Criminal Procedure.
28 Doc. #12 at 44-46. Nowhere in his argument did Petitioner allege a federal constitutional

1  violation. Id. There is simply nothing to suggest he intended to present this claim as a
2  violation of federal law.[4] Petitioner did not raise the Rule 20 issue, or a related federal claim,
3  in his petition for review to the Arizona Supreme Court. Doc. #11, Exh. D. Petitioner
4  therefore has failed to exhaust the claim he now raises in ground five.

5  As with grounds one, three and four, Petitioner would no longer have a remedy if he
6  returned to the state court. Therefore, his claim in ground five is procedurally defaulted.
7  Petitioner has presented nothing to show cause for the default and actual prejudice, nor has
8  he shown a miscarriage of justice to overcome the procedural default. The court will
9  therefore recommend that ground five be denied.

**B.     Merits Analysis**

   **1.     AEDPA Standard of Review**

Under the AEDPA[5], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."

---

[4] Respondents contend in their answer that "Petitioner properly presented a federal-law basis for this claim in the state trial and appellate courts." Doc. #11 at 8. They cite the Arizona Court of Appeals decision to support this statement but the portion cited says nothing about a federal law claim. The court fails to see a federal basis for this claim in any of Petitioner's state court filings and Respondents have pointed to none.

[5] Antiterrorism and Effective Death Penalty Act of 1996.

1  Taylor, 529 U.S. at 405-06.  "A state court's decision can involve an 'unreasonable
2  application' of Federal law if it either (1) correctly identifies the governing rule but then
3  applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails
4  to extend a clearly established legal principle to a new context in a way that is objectively
5  unreasonable."  Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).  Thus, the
6  "unreasonable application" clause requires the state court's application of Supreme Court law
7  to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v.
8  Andrade, 538 U.S. 63, 75 (2003).  "When applying these standards, the federal court should
9  review the 'last reasoned decision' by a state court ...."  Robinson v. Ignacio, 360 F.3d 1044,
10 1055 (9th Cir. 2004).

**2.  Ground Two**

12 Petitioner's claim in ground two alleges a violation of the First, Fourth, Sixth and
13 Fourteenth Amendment based on the trial court's decision to allow testimony from a witness
14 at the first trial to be read into the record at the retrial because the witness died between the
15 two trials.  Petitioner raised a federal constitutional claim in his direct appeal when he argued
16 that his right to confront the witness was denied and this resulted in a fundamentally unfair
17 trial in violation of the Due Process Clause.  Doc. #12 at 31-32.  Petitioner therefore properly
18 exhausted the claim.

19 The Arizona Court of Appeals on direct appeal denied Petitioner's claim that his right
20 to confront the witness was violated.  Doc. #11, Exh. A at 5-7.  The Court analyzed the claim
21 under Rule 19.3(c)(1) of the Arizona Rules of Criminal Procedure, which governs the
22 admissibility of statements by a witness under oath in a previous judicial proceeding who is
23 now unavailable.  Id.  The Court explained that the testimony of the witness was from
24 Petitioner's first trial on the same charge, was under oath, and Petitioner had the opportunity
25 to, and did, cross-examine the witness.  Id.  The Court found that Petitioner's interest and
26 motive in both proceedings were the same.  Id.  The Court therefore found no violation.

27 Although the Arizona Court of Appeals did not directly analyze the claim as a federal
28 confrontation clause claim, the Court's analysis considered the same factors that would be

- 8 -

1 relevant to such a claim.  See Crawford v.Washington, 541 U.S. 36, 53-54 (Sixth
2 Amendment does not allow admission of testimonial statements of a witness who does not
3 appear at trial unless the witness was unavailable to testify and the defendant had a prior
4 opportunity for cross-examination.) Petitioner has presented nothing to show that the Court's
5 conclusion affirming the trial court's decision to admit the testimony in the retrial was
6 contrary to, or an unreasonable application of, clearly established U.S. Supreme Court law
7 or based on an unreasonable determination of the facts.  The Arizona Court of Appeals
8 decision was a straightforward application of the relevant factors to consider when deciding
9 if an unavailable witness' prior testimony should be admitted.  The analysis was consistent
10 with the confrontation clause analysis set forth in Crawford.  Petitioner has failed to satisfy
11 the standard for habeas relief on this claim and, therefore, the court will recommend that it
12 be denied.

### C.     Conclusion

Having determined that grounds one, three, four and five are procedurally defaulted, and that ground two should be rejected on the merits, the court will recommend that the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 24th day of February, 2009.

*Edward C. Voss*
Edward C. Voss
United States Magistrate Judge